**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-646C

(Filed: August 7, 2015)

```
*****************************************
                                         *
ROBERT E. MILLER, JR.,                   *
                                         *
                Plaintiff,               *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                Defendant.               *
                                         *
*****************************************
```

**FILED**

AUG – 7 2015

U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL ORDER

WHEELER, Judge.

On June 22, 2015, Plaintiff Robert E. Miller, Jr. filed a handwritten *pro se* complaint in this Court purporting to constitute a claim against the United States. Mr. Miller is currently incarcerated in a United States Penitentiary in Marion, Illinois. On August 4, 2015, Mr. Miller filed an application to proceed in forma pauperis. The Court finds that although Mr. Miller would ordinarily violate the three strikes rule in the Prison Litigation Reform Act ("PLRA"), he is eligible to proceed in forma pauperis because he adequately alleged imminent physical injury. Accordingly, the Court GRANTS his application.

However, the Court under its inherent authority and the PLRA, also *sua sponte* DISMISSES Mr. Miller's complaint for lack of subject-matter jurisdiction, and failure to state a claim upon which relief can be granted. The Court finds that Mr. Miller's complaint is frivolous and fails to allege sufficient facts to state a claim upon which relief can be granted. The Court also lacks subject-matter jurisdiction over Mr. Miller's complaint because he does not allege a claim solely against the United States. Further, the Court lacks jurisdiction over claims sounding in tort, and claims brought under the False Claims Act, the Freedom of Information Act ("FOIA"), the Sarbanes-Oxley Act, and the Code of the District of Columbia ("D.C. Code"). Finally, the Court notes that dismissal of Mr. Miller's complaint will promote efficiency of the Court's docket, conserve judicial resources and not waste public funds.

Factual Background

On June 22, 2015, Mr. Miller filed a complaint in this Court, seeking damages and injunctive relief for defendants' tortious interference with his right to contract, violation of FOIA, 5 U.S.C. § 552, the Sarbanes-Oxley Act, Pub. L. No. 107-204, 116 Stat. 745 (2002) (codified as amended in scattered sections of 11, 15, 18, 28, and 29 U.S.C.), the False Claims Act, 31 U.S.C. §§ 3729-3733, and for "transparency law" violations. Pl.'s Compl. at 26, 28, Dkt. No. 1. In his complaint, Mr. Miller names as the defendants: Mr. Joe Doe of the United States Maritime Administration, Mr. Jack Lew, Secretary of the Treasury, Mr. Vincent Gray, Mayor of the District of Columbia, Mr. John Kerry, Secretary of State, and Mr. Eric Holder, U.S. Attorney General. Id. at 1-2.

Mr. Miller asserts that in 1998 and 2005, various civil penalties and United States district court judgments were entered against him. Pl.'s Compl. at 3. Mr. Miller also allegedly defaulted on the payment of the penalties assessed against him, and as a result, liens were attached to his property. Id. According to Mr. Miller, although he "served his time" through his incarceration for over thirteen years, defendants still unlawfully received and retained over $110 million in payments and "tortiously interfere[d] with [his] right to contract." Id. at 4, 8. As a result, Mr. Miller claims he "has suffered hundreds of millions of dollars in losses, unlawful incarceration, torture, and other physical/mental/emotional injury and utter destruction of [his] family's existence." Id. at 30. Mr. Miller now seeks $110 million, plus interest, and an order from the Court to the defendants' "to comply with the transparency laws of the [United States]," and to allow him to satisfy all debts claimed by any creditor. Mr. Miller also requests an order to "any creditor who received money [on] behalf of Plaintiff that did not perform . . . their fiduciary obligations that they are liable . . . to perform." Id. at 30-31.

Analysis

I. Plaintiff's Application to Proceed in Forma Pauperis

The Court first considers whether Mr. Miller may proceed in forma pauperis. As Mr. Miller is a prisoner, his application is governed by PLRA's three strikes rule, see 28 U.S.C. § 1915(g). The three strikes rule in the PLRA prevents a prisoner from proceeding in forma pauperis if he or she previously had three or more complaints dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted unless the prisoner is in imminent danger of serious physical injury. See id.; Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006).

Upon review of Mr. Miller's filing history, the record reveals that Mr. Miller had three previous civil claims dismissed in federal district court for being "frivolous, malicious, or failing to state a claim upon which relief may be granted," which would ordinarily make Mr. Miller ineligible to proceed in forma pauperis. See Miller v. United

2

States, No. 10-15437 (11th Cir. Feb. 9, 2011); Miller v. United States, No. 10-02996 (N.D. Ga. Oct. 29, 2010); Miller v. Miller, No. 9-01700 (N.D. Ga. July 6, 2010). Mr. Miller, however, pleads imminent danger of physical injury. Although Mr. Miller did not claim to be in imminent danger in his complaint, he did allege in a separate filing to the Court that his custodians are "trying get [him] killed by intentionally placing [him] with violent gang members who have death contracts out on [his] life." Pl.'s Mot. for Injunctive Relief at 7, Dkt. No. 5. As the Court finds sufficient allegations of imminent danger of physical injury, the Court GRANTS Mr. Miller's application to proceed in forma pauperis, despite Mr. Miller's violation of the three strikes rule in the PLRA.

## II. Failure to State a Claim Upon Which Relief May Be Granted

In addition to the three strikes rule, the PLRA "requires that the court screen a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Hall v. United States, 91 Fed. Cl. 762, 769 (2010); see also 28 U.S.C. § 1915A(a). "The court must, upon review, identify cognizable claims or dismiss the complaint . . . if the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" Hall, 91 Fed. Cl. at 769; Matthews, 72 Fed. Cl. at 279 ("Where the plaintiff is a prisoner proceeding in forma pauperis, the PLRA applies to bar claims that are 'frivolous or malicious,' 'fail[] to state a claim on which relief may be granted' or 'seek[] monetary relief against a defendant who is immune from such relief.'"). "Frivolous claims include those 'describing fantastic or delusional scenarios.'" McCullough v. United States, 76 Fed. Cl. 1, 3 (2006). A claim is factually frivolous where the "facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. Determination of whether a claim is frivolous falls within the discretion of the trial court. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The Court also has the inherent authority to dismiss a complaint *sua sponte* if it fails to state a claim upon which relief may be granted or if it is patently obvious that the plaintiff could not prevail on the facts alleged. See, e.g., Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012) ("[A] court may *sua sponte* dismiss a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6) for failure to state a claim if 'it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'") (internal quotation omitted); Shoop v. Deutsche Bank Nat'l Trust Co., 465 F. App'x 646, 647 (9th Cir. 2012) (similar); Chyba v. BAC Home Loans Servicing, L.P., 460 F. App'x 373, 374 (5th Cir. 2012) (similar); Arbelaez v. United States, 94 Fed. Cl. 753, 763 (2010) (similar) (citing Constant v. United States, 929 F.2d 654, 657 (Fed. Cir. 1991)); see also Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) ("Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest[.]") (internal citation omitted). A complaint fails to state a claim for relief if the plaintiff does not "plead[] factual content that allows [a] court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Todd Constr., L.P. v. United States, 656 F.3d 1306, 1316 (Fed. Cir. 2011).

Here, the Court finds that Mr. Miller's complaint is rife with frivolous allegations and does not state a claim upon which relief may be granted. Mr. Miller's claims do not appear to be against the United States, but rather, against individual federal and local officials. See Pl.'s Compl. at 1-3. Mr. Miller does not plead a specific allegation of wrongdoing against the United States, or a federal agency. Instead, Mr. Miller's complaint names specific individuals who he alleges "tortiously interfered with his right to contract" and caused him mental, physical, and emotional injury. Id. at 8, 30. Such allegations, without specific facts to support them, however, do not state a claim for relief. For example, Mr. Miller does not allege any specific contract where tortious interference occurred, nor does he plead any specific facts that would show the named defendants in his complaint stole, illegally converted, or misappropriated the payments they allegedly received from him. Further, Mr. Miller cites to vague statutes that he alleges were violated by the defendants such as "transparency laws," without specifying what those statutes are. Mere conclusory allegations such as the ones Mr. Miller makes in his complaint are not sufficient to meet the burden on Mr. Miller to properly state a claim for relief, even though he is proceeding *pro se*. See Stroughter, 89 Fed. Cl. at 760. Mr. Miller has failed to state a claim upon which relief may be granted, and accordingly, because the PLRA mandates dismissal of such a claim, see 28 U.S.C. § 1915A(b), Mr. Miller's complaint must be dismissed.

III. Subject Matter Jurisdiction

In the alternative, the Court finds that it lacks subject-matter jurisdiction over Mr. Miller's complaint. Subject-matter jurisdiction may be challenged at any time by the court *sua sponte*. See, e.g., Toohey v. United States, 105 Fed. Cl. 97, 98 (2012). When deciding whether there is subject-matter jurisdiction, the court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although *pro se* litigants are generally held to a lower standard in their pleadings, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of the evidence. Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Under the Tucker Act, the Court may hear any "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not create a substantive cause of action. Rather, for a claim to be cognizable under the Tucker Act, the plaintiff must identify a "separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The separate source of substantive law is considered money-mandating if it "can fairly be interpreted as mandating compensation for damages

4

sustained as a result of the breach of the duties [it] impose[s]." Id. at 1173 (quoting United States v. Mitchell, 463 U.S. 206, 217 (1983)).

The Court does not have jurisdiction to hear Mr. Miller's claims. First, to the extent that Mr. Miller is alleging claims against federal officials, such claims must be dismissed as the Court can only hear claims against the United States. See Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011) ("It is well settled that the United States is the only proper defendant in the Court of Federal Claims."); see also Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). Similarly, although Mr. Miller asserts claims against Mayor Gray of the District of Columbia, the Court does not have jurisdiction over local officials. Moore v. Pub. Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Thus, Mr. Miller's complaint fails to meet the foundational jurisdictional requirement that the United States be the defendant, and the only defendant.

Even if Mr. Miller's complaint could be construed as asserting a separate claim against the United States, the Court still does not possess jurisdiction over Mr. Miller's complaint. Mr. Miller cites to four statutes in his complaint under which he says the Court has jurisdiction: FOIA, 5 U.S.C. § 552, the Sarbanes-Oxley Act, Pub. L. No. 107-204, 116 Stat. 745 (2002), the False Claims Act, 31 U.S.C. §§ 3729-3733, and D.C. Code §§ 28-3107. None of these statutes, however, provides the Court with jurisdiction over Mr. Miller's complaint. FOIA does not create a right to money damages. See, e.g., Snowton v. United States, 216 F. App'x 981, 983 (Fed. Cir. 2007) (no jurisdiction over FOIA cases). Similarly, the Sarbanes-Oxley Act deals with corporate compliance; it is not money-mandating. See Duffy v. United States, 120 Fed. Cl. 55, 58 n.2 (2015) (noting the act's purpose is to "protect investors by improving the accuracy and reliability of corporate disclosures made pursuant to the securities laws."). The Court also does not have jurisdiction over suits brought under the False Claims Act because jurisdiction under the False Claims Act resides exclusively with the district courts. See Giles v. United States, 72 Fed. Cl. 335, 336-37 (2006). Likewise, the Court does not have jurisdiction to hear a complaint brought under the D.C. Code because such a claim does not "arise[] under the Constitution, laws, or treaties of the United States." See Thompson v. United States, 103 Fed. Cl. 16, 22 (2011).

Finally Mr. Miller asserts claims for physical and emotional distress and tortious interference with contract. Pl.'s Compl. at 8, 30. These claims also do not save Mr. Miller's complaint from its jurisdictional defects. Claims of tortious interference with contract, and physical and emotional distress are tort claims and not cognizable in this Court. See Lea v. United States, 592 F. App'x 930, 933 (Fed. Cir. 2014) ("Both fraud and tortious interference with contract are torts."); see also Dumonde v. United States, 87 Fed. Cl. 651, 653 (2009) ("Plaintiff's claims of false arrest, malicious prosecution, physical

5

injury, and emotional distress are tort claims."). Mr. Miller's complaint must be dismissed for lack of subject-matter jurisdiction.

IV.    Transfer of Complaint to District Court

The Court has considered whether transfer of Mr. Miller's complaint would be appropriate. If a court lacks jurisdiction, under 28 U.S.C. § 1631, the court must transfer the case to another court where it could have been brought at the time the case was filed if it is in the interest of justice. Spencer v. United States, 98 Fed. Cl. 349, 359 (2011). The "decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Id. (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).

The Court finds it would not be in the interest of justice to transfer the case to another court. Mr. Miller has been a prolific filer of frivolous claims in other courts. As the Court finds Mr. Miller's complaint here also is frivolous and fails to state a claim upon which relief may be granted, transfer would be inappropriate. The PLRA was enacted to curtail meritless inmate litigation such as Mr. Miller's complaint here. See Hall, 91 Fed. Cl. at 766-67. Transfer of the case to a district court, assuming the case could even be brought there in the first place, would violate the spirit of the PLRA and would needlessly waste public funds and judicial resources.

## Conclusion

Accordingly, for the foregoing reasons, Mr. Miller's application to proceed in forma pauperis is GRANTED. Mr. Miller's complaint is DISMISSED, however, for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to dismiss Mr. Miller's complaint with prejudice. The Government's motion for an extension of time to answer Plaintiff's complaint and Plaintiff's motions for injunctive relief are denied as moot.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge